UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States ex rel. Bruce Jacobs,<br><br>                Movant,<br><br>  v.<br><br>Promontory Financial Group, LLC,<br>                Respondent. | No. _____<br><br><br><br>Underlying Litigation:<br>Case No. 1:15-cv-24585-UU<br>United States District Court<br>Southern District of Florida<br>Miami Division |

**MEMORANUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Movant Bruce Jacobs, by counsel, respectfully submits this Memorandum of Law in Support of his Motion to Compel Compliance with Subpoena, filed pursuant to Federal Rule of Civil Procedure 45 to compel compliance by Promontory Financial Group LLC ("Promontory") with a Subpoena for the production of documents that was served upon Promontory on May 9, 2017 in connection with an action currently pending before the Southern District of Florida.

## BACKGROUND

Jacobs moves to compel compliance with the Subpoena by Promontory. *See* Subpoena attached as Exhibit C to the accompanying Declaration of Robert E. Kohn (Exhibit 1). In the underlying case in Southern District of Florida, Jacobs is the *qui tam* relator under the False Claims Act (31 U.S.C. § 3729, et seq.) against Bank of America Corporation and affiliated entities ("BOA"). *See* Second Amended Complaint, attached as Exhibit A to the Kohn Declaration. As reflected in the Second Complaint, the case alleges that false records were made and used, in violation of the False Claims Act ("FCA"), regarding the presentment of false claims by BOA to the Federal Housing Administration ("FHA") within the Department of Housing and Urban Development ("HUD"). The false claims and records related to FHA single-family mortgage insurance benefits that were false because they expressly and implicitly certified that the foreclosure titles that BOA conveyed to HUD in connection with the insurance claims constituted "good marketable title" – when BOA knew (or deliberately ignored or recklessly disregarded) that the titles were vulnerable to challenge, because the titles were obtained by reliance upon:

  (a)   robo-stamped endorsements of notes (affixed by rubber stamped signatures, without the present intention of the purported signatory), and/or

(b)     assignments of mortgages from the Mortgage Electronic Registration System, Inc. ("MERS"), which BOA knew (or deliberately ignored or recklessly disregarded) were ineffective, because MERS never owned the notes themselves.

The case also alleges liability against BOA for making and/or using false records, in violation of 31 USC § 3729(a)(1)(B), because each of the robo-stamped endorsements of the notes that was used to obtain a foreclosure (which in turn was used to obtain FHA benefits), and every MERS assignment of a mortgage that was so used was "material to a false or fraudulent claim." Therefore, a statutory penalty applies to each record – in addition to each claim for FHA benefits.

The Florida alleges "knowing" false claims by BOA.  Pursuant to 31 U.S.C. § 3729(b)(1), "knowing" is defined as being (1) actual knowledge, (2) deliberate ignorance of the truth or falsity of the information, or (3) reckless disregard of the truth or falsity of the information).  Promontory's communications with BOA are highly relevant to the issue of BOA's knowledge of the ongoing defects in BOA's processes to ensure – or to hide – records that would demonstrate the existence or nonexistence of lawful standing to foreclose.  This is because Promontory reviewed numerous foreclosures -- and the foreclosure processes that BOA used -- and Promontory's review and reports would likely have informed BOA's knowledge vis-à-vis their own records and record keeping.  Pursuant to the 2013 Amendment to the April 13, 2011 Consent Order (2013-127), Promontory's role in relation to the Independent Foreclosure Review ("IRF") continued until February 28, 2013.

The discovery cut-off in the underlying case in Miami, Florida is September 22, 2017, and it is thus imperative that Plaintiff obtain the requested information as soon as possible.

## OCC CONSENT ORDER WITH BOA

Effective as of April 13, 2011, the United States Office of the Comptroller of the Currency ("OCC") and BOA entered into a Consent Order regarding BOA's residential real estate mortgage foreclosure processes. *See* Consent Order, attached as Exhibit B to the Kohn Declaration. The Consent Order included the OCC's findings that BOA had engaged in various forms of misconduct regarding its mortgage foreclosure process, including filing false affidavits in state and federal courts and failing to maintain records that would suffice to establish lawful standing to foreclose, ultimately concluding that BOA "engaged in unsafe or unsound banking practices." *See* Consent Order at pages 2 – 3. As a result of those findings by the OCC, the Consent Order required BOA to establish a Compliance Committee, develop a Comprehensive Action Plan, and develop a Compliance Program. *Id.* at pages 3 – 10.

The Consent Order further required that BOA retain an "independent consultant" to conduct a Foreclosure Review, consisting of an "independent review of certain residential foreclosure actions regarding individual borrowers with respect to the Bank's mortgage servicing portfolio." *See* Consent Order at Page 14. The Foreclosure Review was required to include residential foreclosure actions that had been pending at any time during the 2 year period between January 1, 2009 through December 31, 2010.

Part of the purpose of the Foreclosure Review was to determine whether at the time that foreclosure actions were initiated, or affidavits or pleadings filed, BOA (or its agents) had properly documented ownership of the promissory and mortgage (or deed of trust) under relevant state law, or was otherwise a proper party to the action. *See* Consent Order at page 15.

The Consent Order further required that the independent consultant promptly prepare a written report detailing the findings of the Foreclosure Review, and further requiring BOA to

4

submit to the OCC an acceptable plan to remediate all of the financial injury to borrowers caused by the errors and misrepresentations identified in the Foreclosure Report. *See* Consent Order at page 17.

### ROLE OF RESPONDENT PROMONTORY FINANCIAL GROUP, LLC

Promontory was engaged by BOA to be the independent consultant to conduct the Independent Foreclosure Review ("IRF") and prepare the Foreclosure Report identifying the findings of the IRF.

As stated above, Promontory work is highly relevant to issues relating to BOA's knowledge of the falsity of the claims and records (as well as other issues) because during the IRF, Promontory reviewed numerous foreclosures -- and the foreclosure processes that BOA used -- and Promontory's review and reports informed BOA's knowledge vis-a-vis their own records and record keeping, including but not limited to the falsity thereof.

Promontory's role in relation to the IRF continued until February 28, 2013.

### THE SUBPOENA TO RESPONDENT PROMONTORY

The subpoena to Promontory (Exhibit C to the Kohn Declaration), seeks fundamental information regarding the work that Promontory performed in connection with its role as the independent consultant, including in connection with the Foreclosure Review, the Foreclosure Report and/or any other reports that Defendant Promontory prepared for BOA regarding this engagement.

The Subpoena was duly served on Promontory on May 9, 2017, and the requested documents were to be produced by May 26, 2017. *See* Subpoena at page 1 and Return of Service (Exhibits C and E to the Kohn Declaration).

5

## PROMONTORY'S RESPONSE TO THE SUBPOENA

Defendant Promontory has served no objections or any other response to the Subpoena, either before or after the deadline of May 23, 2017 (that is, 14 days after service on May 9, 2017) under Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure. Counsel for BOA were also served with notice of the Subpoena on May 8, 2017. *See* Kohn Decl., Exhibit D. Like Promontory, BOA did not object to the Subpoena. *See* Kohn Decl. ¶ 8.

To date, Promontory has not produced any documents whatsoever. *See* Kohn Decl. ¶ 11.

## MEET-AND-CONFER EFFORTS

Counsel for Plaintiff have attempted to meet and confer with counsel for Defendant Promontory, but those efforts have been to no avail. Specifically, an initial meet and confer was held on May 24, 2017, and a lengthy meet and confer call was held on June 2, 2017. *See* Kohn Decl. ¶¶ Unfortunately, no documents were produced after any of those meet and confer efforts.

During the June 2 meet and confer, a further meet and confer was scheduled for June 7, 2017. Without explanation, counsel for Promontory unilaterally cancelled the June 7 meet and confer. Counsel for Plaintiff subsequently agreed to re-schedule the meet and confer for 9:30 a.m. on June 9, 2017. *See* Exhibit G to the Kohn Declaration.

Abruptly, at 9:21 a.m. on June 9 – only 9 minutes before the re-scheduled call was to begin – counsel for Defendant Promontory unilaterally cancelled the June 9 meet and confer by sending an email Cancellation Notice, without any explanation or any other contact with counsel for Plaintiff. *See* Cancellation Notice dated June 9, 2017 at 9:212 a.m., attached as Exhibit H to the Kohn Declaration.

Thinking that the Cancellation Notice might be in error, three (3) of the attorneys representing Plaintiff dialed in for the Friday morning call. Counsel for Promontory never dialed into the conference call.

Apart from the June 9 Cancellation Notice, Plaintiff received no other communication from Promontory until June 14, 2017, when an Invite for a call was sent, again with no explanation. Counsel for Plaintiff responded by noting the history of events and specifically informed counsel for Promontory that the instant Motion to Compel was being prepared. Nonetheless, in their response, neither counsel for Promontory nor counsel for IBM (now the owner of Promontory) indicated that any documents would be produced.

Most recently, counsel for Plaintiff again met and conferred with counsel for Promontory on Friday June 16, 2017. Once again, Promontory refused to produce the requested documents, and once again confirmed that they would oppose any Motion to Compel regarding the requested documents.

As a result of the foregoing, Plaintiff files the instant Motion to Compel Compliance with Subpoena. Plaintiff respectfully submits that Promontory should be ordered to fully and completely comply with the Subpoena within 5 days from the date of the Order of this Court, and that this Court should grant such further relief as it deems just and proper.

As stated above, there have been no objections made to the requested discovery, either by Promontory or BOA, and thus all such objections have ben waived. The discovery cut-off in the underlying case in Florida is September 22, 2017, and thus, it is imperative that Jacobs obtain the requested information as soon as possible.

## REASONS FOR GRANTING THE MOTION

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. This includes discovery obtained through subpoenas of non-parties pursuant to Federal Rule of Civil Procedure 45. A party issuing and serving a non-party subpoena must take "reasonable steps to avoid imposing undue burden or expense" on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Defendant Promontory should be compelled to comply with the subpoena properly served upon it. The subpoena is aimed at relevant, non-privileged information. See Fed. R. Civ. P. 26(b), 45.

In sum, Plaintiff Jacobs has satisfied his obligations under Rule 45, and Plaintiff respectfully submits that this Court should compel Promontory to fully and completely comply with the Subpoena properly served upon it.

## CONCLUSION

For the forgoing reasons, Plaintiff Jacobs respectfully requests this Court to grant this Motion and compel Promontory to fully and completely comply with the Subpoena properly served upon it within 5 days of the date of the Court's Order, and for such further relief as this Court deems just and proper.

Dated: June 19, 2017

Respectfully submitted,

Robert E. Kohn
D.C. Bar No. 439931
KOHN LAW GROUP, INC.
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 917-1011
rkohn@kohnlawgroup.com

Rachel Vernica Rose
D.C. Bar No. TX0132
Texas Bar No. 24074982
RACHEL V. ROSE - ATTORNEY AT
 LAW, PLLC
P.O. Box 22718
Houston, Texas 77227
Telephone: (713) 907-7442
rvrose@rvrose.com

Charles B. Molster, III
D.C. Bar No. 386821
THE LAW OFFICES OF
 CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Ave., N.W., Suite M
Washington, D.C.  20007
Telephone: (202) 787-1312
cmolster@molsterlaw.com

Attorneys for Movant Bruce Jacobs

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, I caused the foregoing to be served by email and U.S. mail postage prepaid on the following:

    Promontory Financial Group, LLC
    c/o C T CORPORATION SYSTEM (registered agent)
    1015 15th St. NW, Ste. 1000
    Washington, DC 20005
    [Mail Only]

    Joy M. Willing, Esq.
    (jwilling@promontory.com)
    Mara Eckerson Butners, Esq.
    (mbutners@promontory.com)
    Office of the General Counsel
    Promontory Financial Group, an IBM Company
    801 17th Street, NW, Suite 1100
    Washington, DC 20006

    Stacey Blaustein, Esq.
    (blaustei@us.ibm.com)
    Senior Attorney - Corporate Litigation
    IBM Corporation
    1 North Castle Drive
    1A-73 MD NC-107
    Armonk, NY 10501

    Mathew T. Martens, Esq.
    (Matthew.Martens@WilmerHale.com)
    Carl Nichols, Esq.
    (Carl.Nichols@WilmerHale.com)
    Rachel Murphy, Esq.
    (Rachel.Murphy@WilmerHale.com)
    Webb Lyons, Esq.
    (Webb.Lyons@WilmerHale.com)
    Andrea Robinson, Esq.
    (Andrea.Robinson@WilmerHale.com)
    Wilmer, Cutler, Pickering, Hale & Dorr
    1875 Pennsylvania Ave.,
    N.W. Washington, DC 20006

    James A. Weinkle, Esq.
    99 N.E. 4th Street, Suite 300
    Miami, FL 33131

James.Weinkle@USDOJ.gov  
Tel:       (305) 961-9290  
Fax:      (305) 530-7139  
*Counsel for the United States of America*

_____  
Robert E. Kohn